UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES WHORTON,

        Plaintiff,

v.                                    Case No. 2:04-cv-208
                                    HON. GORDON J. QUIST

UNKNOWN LAFOREST,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff prisoner James Whorton, confined at the Alger Maximum Correctional Facility, filed this prisoner civil rights action against defendant Captain Robert LaForest, who is employed at the Marquette Branch Prison. Plaintiff alleges that on February 2, 2003, defendant escorted a rush team to plaintiff's cell. Plaintiff complains that while the team lagged behind, defendant stated "you need to strip for a strip search." Plaintiff asserts that he immediately began to comply with the order. As plaintiff was pulling his shirt off, defendant allegedly sprayed chemical agents all over plaintiff's face and body. Defendant then turned and told the team that plaintiff refused to comply. Plaintiff claims that although the incident was videotaped, the camera never captured these events. Plaintiff complains that he was then escorted to the Quarantine Unit where he stayed for four days without any medical treatment. Plaintiff complains that he experienced permanent vison damage, headaches, dizzy spells and psychological trauma. Plaintiff asserts that defendant violated plaintiff's Eighth Amendment right to be free from excessive use of force. Plaintiff requests damages of $7,500.00.

Defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). While the evidence must be viewed in the light most favorable to the nonmoving party, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.*

Plaintiff's claim involving the use of force must be analyzed under the Supreme Court authority limiting the use of force against prisoners. This analysis must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g.*, *Whitley*, 475 U.S. at 321-22.

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Id.* (citing *Whitley*, 475 U.S. at 321); *accord McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990). Physical restraints are constitutionally permissible where there is penological justification for their use. *Rhodes*, 452 U.S. at 346; *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996); *Hayes v. Toombs*, No. 91-890, 1994 WL 28606, at * 1 (6th Cir. Feb. 1, 1994); *Rivers v. Pitcher*, No. 95-1167, 1995 WL 603313, at *2 (6th Cir. Oct. 12, 1995).

Defendant attests that plaintiff, who is currently serving a sentence for two counts of assaulting a corrections officer along with sentences for armed robbery, threatened staff on two occasions and refused to comply with several orders for a strip search. As a result, chemical agents were authorized and a move squad was assembled. Plaintiff was again ordered to comply with a

- 3 -

strip search. He refused and wrapped himself in a blanket. Plaintiff was fully clothed. One burst of chemical agent was sprayed into the cell. Plaintiff then immediately submitted to the strip search. Plaintiff was restrained and moved without further incident. Plaintiff was seen by a nurse and complained that his mouth and eyes burned after exposure to the chemical agents. The nurse stated that he would bring medication for plaintiff's eyes and found that plaintiff was in altered comfort due to exposure to chemical agents. Plaintiff has no further medical documentation supporting his claim of permanent injuries or that he suffered from any injury as a result to his exposure to chemical agents. Plaintiff was subsequently placed on suicide watch on April 29, 2003, after making a noose and showing it to a sergeant. He was taken off suicide watch on May 1, 2003.

The incident was video taped. The video tape does not show plaintiff inside his cell. Plaintiff is first observed, on the video tape, as he is removed from his cell by the move team. A review of the video tape does not support plaintiff's version of the incident regarding the use of the chemical agent. A video tape which supports the defendant's version of the facts may provide undisputed evidence in support of summary judgment. *Knuckles El. v. Ordiway*, 1999 WL 9993891 96th Cir., Oct. 20, 1999) ("Defendants' affidavits each present a similar version of the facts and the video tape supports defendants' account. Plaintiff refused to follow orders thereby forcing defendants physically to restrain him"). The affidavit of defendant and the materials provided in support of defendant's motion for summary judgment establish that plaintiff refused the order to strip and had to be restrained. The video tape does show plaintiff while he is escorted to the quarantine unit and while he is being questioned by the nurse. Plaintiff does not appear more than uncomfortable after his exposure to the chemical agent. Plaintiff has failed to establish that defendant violated plaintiff's Eighth Amendment rights.

One short burst of a chemical agent was a *de minimis* use of force that in the opinion of the undersigned did not violate plaintiff's Eighth Amendment rights. Every malevolent touch by a prison guard does not give rise to an Eighth Amendment cause of action, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992), and the prisoner must show that he sustained more than de minimis injury in order to support a viable excessive force claim. *See id.* at 9-10; *Thaddeus-X v. Blatter*, 175 F.3d 378, 402 (6th Cir.1999) (en banc). *See also Benson v. Carlton*, No. 99-6433, 2000 WL 1175609, at *1 (6th Cir. Aug. 9, 2000) (whirling sensation in prisoner's head after fear of guard caused him to skip supper constituted a de minimis injury and did not support claim for metal or emotional suffering under the Eighth Amendment); *Scott v. Churchill*, No. 97-2061, 2000 WL 519148, at *2 (6th Cir. April 6, 2000) (plaintiff's claim that guard grabbed his neck and threatened him did not rise to the level of an Eighth Amendment violation). Plaintiff does not show that he suffered physical injury from the incident or required medical attention for anything other than expected discomfort as result of his exposure to the chemical agent.

Further, defendant is entitled to qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

"The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that

was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held

- 6 -

>unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40.  *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

>The Sixth Circuit has observed:

>A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus, qualified immunity is not triggered only where the very action in question was previously held unlawful.  *Anderson*, 483 U.S. at 639-40.  Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights.  *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983.  Rather, a defendant may be liable where he has a duty to protect a plaintiff and fails to comply with this duty.  *Durham*, 97 F.3d at 866-868 (holding that a nurse and a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten).  *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990)(a correctional officer who observes an unlawful beating may be liable under Section 1983 even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983)(police officers who stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner*, 119 F.3d at 429. If the court answers that question in the affirmative, the court goes on to determine whether or not the right allegedly violated was clearly established. *Turner*, 119 F.3d at 429. These are both purely legal questions. The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the defendant's conduct violated clearly established rights. *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991). Plaintiff has failed to present factual evidence that could support his claims that he was subjected to unnecessary force by defendant. Defendant used one burst of chemical agent on plaintiff after plaintiff refused repeatedly to comply with defendant's orders to submit to a strip search. Plaintiff asserts that the use of chemical agent was unnecessary because immediately before defendant's action, in spraying the chemical agent into plaintiff's cell, plaintiff began to comply with the order to submit to a stip search. The evidence shows that it was in fact the use of chemical agents that caused plaintiff to comply with the order.

Accordingly, it is recommended that defendant's motion for summary judgment (docket #21) be granted, dismissing this case in its entirety.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendant's motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $255 appellate filing fee in one lump sum.

*NOTICE TO PARTIES*: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 9, 2005